32961:cpd                                                                                                  41535

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | | |
|---|---|---|
| VENUS AVANT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 cv 2145 |
| | ) | |
| vs. | ) | Honorable Ronald A. Guzman |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO REOPEN DISCVOERY**

The plaintiff, VENUS AVANT, through her attorneys, THE VRDOLYAK LAW GROUP, LLC., moves for this Court, in accordance with Fed. R. Civ. P. 16(b)(4), to amend the scheduling order and to reopen discovery for good cause. In support thereof, plaintiff states:

Summary of Argument

Pursuant to Fed. R. Civ. P. 16(b)(4), a scheduling order may be amended for good cause shown with the judge's consent. Here, there is good cause to reopen discovery to disclose Christos S. Giannoulias, M. D. pursuant to Fed. R. Civ. P 26(a), because the doctor performed a June 9, 2020 surgery on plaintiff, plaintiff began treating with the doctor after discovery closed, the medical treatment is essential to plaintiff's claims, and defendants' theory of defense is not changed by the proposal.

Background

This excessive force action was filed against defendants on March 23, 2018 (docket #1). On March 7, 2019, Plaintiff's Motion to Extend Time to Complete Fact Discovery and Expert report *was granted in part*, allowing plaintiff to provide defendant a statement of treating experts

by March 21, 2019 (docket #53). On March 21, 2019, plaintiff disclosed treating experts pursuant to Fed. R. Civ. P 26(a)(2)(c) (docket #54). Plaintiff's disclosure did not include Christos S. Giannoulias, M.D. of G & T Ordthapaedics and Sports Medicine as plaintiff had not treated there yet.

On May 23, 2019, plaintiff supplemented discovery to defendant pursuant to Fed. R. Civ. P 26(e)-which included a 4/15/19 Christos S. Giannoulias, M. D. dictation wherein he noted his initial evaluation of plaintiff for shoulder surgery. On May 18, 2020, the Court ordered parties to file Final Pretrial order by June 11, 2020 (docket #82). On June 11, 2020, the Court granted Plaintiff's Unopposed Motion for Extension of Time for Filing Final Pre-trial order-allowing an extension until June 25, 2020. Subsequently, that evening, plaintiff informed her counsel that Dr. Giannoulias performed a June 9. 2020 right shoulder arthroscopic rotator cuff repair, right shoulder subacromial decompression, right shoulder extensive glenohumeral debridement on her. On June 12, 2020 plaintiff supplemented discovery to defendant pursuant to Fed. R. Civ. P 26(e)-disclosing the June 9, 2020 surgery (docket #87).

Argument

Pursuant to Fed. R. Civ. P. 16(b)(4), a scheduling order may be amended for good cause shown with the judge's consent. The Court maintains broad discretion to grant plaintiff's continuances for good cause, See, *Winters v. Fru-Con Inc.*, 498F.3d 734, 743(7th Cir. 2007), U.S. v. Firishchak, 468 F.3d 1015, 1023 (7th Cir. 2006), U.S. v. Rinaldi, 461 F.3d 922, 929 (7th Cir. 2006).

Extensions were obtained for plaintiff to meet the prior discovery deadlines. Good cause for reopening discovery exists because plaintiff began treating with Dr. Giannoulias the month after plaintiff was ordered to disclose experts. Further, the doctor's treatment continues presently.

Even after the March 21, 2019 expert deadline, plaintiff made efforts to comply with discovery obligations by supplementing new records as they came in-i.e. May 23, 2019 Fed. R. Civ. P 26(e) supplement of Dr. Giannoulias' April 15, 2019 evaluation note and the June 12, 2020 Fed. R. Civ. P 26(e) supplement of the June 9, 2020 surgery. Plaintiff's interest in reopening discovery addresses key evidence not available during earlier discovery schedules.

Dr. Giannoulias' continued treatment of plaintiff's injuries is relevant to material issues at trial in this excessive force action under section 1983-evidence of the amount of force used and damages claimed. Reopening discovery is the only just means to address the risk of prejudice plaintiff faces in not being allowed to introduce evidence of her contested physical condition and ongoing treatment. Plaintiff's need for treatment and obligation to supplement medical treatment continues to this day.

Pursuant to Local Rule 37.2, on Wednesday June 17, 2020, plaintiff's counsel, Clinton Davis, inquired whether defendants object to reopening discovery for the limited purposes of disclosing Dr. Giannoulias as an expert. Defendants' counsel, Pat O'Connor, promptly affirmed that defendants object. This case is set for a November 16, 2020 jury trial- more than 90 days out from the date of this filing. Defendants have not named any experts in this case. Defendants deny that plaintiff was injured at all. Plaintiff's injuries have remained the same, although she has switched treating physicians since discovery closed. All things considered, defendant's theory of defense and trial preparation is not dramatically altered, if at all, by permitting the discovery requested. Therefore, reopening discovery to name Dr. Giannoulias as an expert will not prejudice the defendants.

WHEREFORE, the Plaintiff, VENUS AVANT by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC, respectfully request this Honorable Court enter an order granting PLAINTIFF'S MOTION TO REOPEN DISCVOERY in this matter.

        Respectfully submitted:

        By: /s/Clinton P. Davis
        Attorney for Plaintiff


**THE VRDOLYAK LAW GROUP, LLC**
**By: Clinton P. Davis #6320506**
Attorneys for Plaintiff
9618 S. Commercial Ave.
Chicago, IL 60617
(773) 731-3311
cdavis@vrdolyak.com

## **CERTIFICATE OF SERVICE**

   The undersigned, an attorney, states that on the 17th day of June 2020, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

                   /s/Clinton Davis_____