IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Venus Avant,<br>　　　　Plaintiff,<br><br>　　v.<br><br>City of Chicago, Officer D. Perez, and<br>Officer H. Betancourt,<br>　　　　Defendants. | )<br>)<br>)　　No. 18 C 2145<br>)<br>)　　Judge Ronald A. Guzmán<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiff's motion to reopen discovery [88] is denied.

## STATEMENT

Plaintiff filed suit against the City of Chicago, alleging excessive force and intentional infliction of emotional distress. On August 30, 2018, the Court ordered all discovery closed on February 28, 2019. On January 29, 2019, the Court denied Plaintiff's oral motion to extend fact discovery and ordered Plaintiff to provide a report for each treating expert on or before March 15, 2019. On February 25, 2019, Plaintiff served supplemental disclosures pursuant to Federal Rule of Civil Procedure ("Rule") 26(a), identifying Drs. Kane, Nikoleit, Barnabas and Paras Parekh, D.P.M. On February 27, 2019, Plaintiff sought an extension of time to complete fact and expert discovery. On March 7, 2019, the Court granted Plaintiff's motion in part, ordering fact discovery to close on April 8, 2019. The Court also ordered Plaintiff to provide a report of plaintiff's four medical experts by March 21, 2019.

On March 21, 2019, Plaintiff served her "Treating Expert Disclosures," identifying Anthony Buckles, M.D., Ravi Barnabas, M.D., Neeraj Jain, M.D., John Nikoleit, M.D., and Paras Parekh, D.P.M. (Dkt. # 54.) On April 8, 2019, Plaintiff produced a narrative report from only one of these doctors, Dr. Nikoleit, who had been treating Plaintiff for bilateral shoulder tendinitis. On May 23, 2019, Plaintiff served a Rule 26(e) supplemental disclosure of documents that consisted of over one hundred pages of medical records and bills. Within this supplemental disclosure, Plaintiff disclosed one office visit with Dr. Giannoulias at G&T Orthopedics, who began treating Plaintiff on April 8, 2019. On June 18, 2019, Dr. Barnabas testified at his deposition that Dr. Giannoulias was going to perform surgery on Plaintiff's shoulders (left one first) at the Rand Surgical Center. A records subpoena to G&T Orthopedics, issued by defense counsel, confirmed that Plaintiff presented to Dr. Giannoulias on April 8, 2019 with complaints of bilateral shoulder impingement, and revealed that Dr. Giannoulias had operated on Plaintiff's left shoulder on July 16, 2019, which was one month after Dr. Barnabas' deposition. On October 10, 2019, after the deposition of Dr. Jain was completed, the Court

closed discovery, ordered that Plaintiff "shall" file a motion to reopen discovery as to experts, and set the hearing for filing of the final pretrial order for June 11, 2020. Plaintiff did not file a motion to reopen expert discovery as ordered. On June 11, 2020, Plaintiff filed a motion for an extension of time to file the final pretrial order, which was granted. On June 12, 2020, Plaintiff filed a supplemental Rule 26(a) disclosure, reporting that Dr. Giannoulias had performed surgery on Plaintiff's right shoulder on June 9, 2020. On June 17, 2020, Plaintiff filed the current motion to reopen discovery and name Dr. Giannoulias as an expert.

Citing Rule 16(b)(4), Plaintiff asserts that a scheduling order may be amended for good cause shown with the court's consent. According to Plaintiff, good cause exists to reopen discovery to allow her to disclose Dr. Giannoulias because (1) the doctor performed a June 9, 2020 surgery on Plaintiff, (2) Plaintiff began treating with Dr. Giannoulias after discovery closed, (3) the medical treatment is essential to Plaintiff's claims, and (4) Defendants' theory of defense is not changed by the proposal. "To demonstrate good cause, a party must show that despite its diligence, the time table [sic] could not reasonably have been met." *Lapsley v. Fries*, No. 11 C 99, 2012 WL 2721909, at *2 (N.D. Ind. July 9, 2012).

The Court finds that Plaintiff has not demonstrated good cause. As an initial matter, the trial in this case was set on October 10, 2019 for July 2020, and then reset on December 18, 2019, on the Court's own motion, to November 16, 2020. Thus, Plaintiff has been aware of the trial date for almost nine months yet did not move to disclose Dr. Giannoulias until the filing of the pretrial order. Moreover, as noted by Defendants, while Dr. Giannoulias performed surgery on Plaintiff's right shoulder only recently, on June 9, 2020, Plaintiff failed to indicate in her motion that Dr. Giannoulias performed surgery on Plaintiff's left shoulder almost one year ago, on July 16, 2019; the doctor's notes from August 2019 reflect his intention to perform surgery on Plaintiff's right shoulder. Nevertheless, despite being directed to file a motion to reopen discovery as to experts last fall, Plaintiff never did so. Further, Plaintiff's assertion that good cause exists because she did not begin treating with Dr. Giannoulias until after the close of discovery is simply inaccurate. Discovery closed on October 10, 2019, but Plaintiff produced records in May 2019 from her April 8, 2019 visit to Dr. Giannoulias. Finally, Defendants deposed all five of the other doctors disclosed by Plaintiff and have not named any experts themselves. Opening discovery to allow the deposition of Dr. Giannoulias will not only lead to additional expense for Defendants, but it could also lead to another postponement of a trial that has been set for months.

For these reasons, Plaintiff's motion to alter the scheduling order and reopen discovery is denied.

**Date**: July 7, 2020

_____
**Ronald A. Guzmàn**
**United States District Judge**